IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF D.R. & M.R.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF D.R. AND M.R., CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

BRAD R. AND TAMMY R., APPELLANTS.

Filed December 13, 2016.    No. A-16-485.

Appeal from the County Court for Cass County: JOHN F. STEINHEIDER, Judge. Reversed and remanded with directions.

Jeffrey A. Wagner, of Schirber & Wagner, L.L.P., for appellants.

No appearance for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Brad R. and Tammy R. appeal from an order of the county court of Cass County, sitting as a juvenile court, requiring them to allow visitation between their children who were not adjudicated by the juvenile court and two of their children, D.R. and M.R., who were adjudicated and placed outside the home. Because we find that the juvenile court lacked jurisdiction over the nonadjudicated children, and therefore had no authority to interfere with the parents' control over these children, we reverse and remand this case with directions to vacate the portions of the court's order requiring visitation between D.R. and M.R. and their nonadjudicated siblings.

- 1 -

BACKGROUND

Brad and Tammy are the parents of seven minor children. Three of the children, D.R., M.R., and S.R. were adopted from Colombia. On February 5, 2016, the State filed a petition alleging that D.R. and M.R. came within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2015) as being homeless, destitute, or without proper support through no fault of their parents. In an affidavit filed with the petition, the guardian ad litem for D.R. and M.R. indicated that on September 8, 2015, D.R. called law enforcement alleging that Brad had struck him. Both D.R. and M.R. requested removal from the home and they were removed on September 9. The guardian ad litem further alleged that the boys did not have a good relationship with Brad, ongoing problems existed between the boys and their parents, and it appeared that the boys never bonded with their parents.

On February 10, 2016, an adjudication hearing was held before the court. Following a no contest plea by Brad and Tammy, D.R. and M.R. were adjudicated under § 43-247(3)(a) through no fault of their parents. Custody of D.R. and M.R. was placed with the Nebraska Department of Health and Human Services by agreement of the parties.

On April 13, 2016, a disposition hearing was held. The reports submitted to the court by the Department and the guardian ad litem, along with testimony, indicated that D.R. and M.R. want to visit their younger biological brother, S.R.

Brad and Tammy asserted that the boys never treated them as parents, neither of the boys liked their father, and the boys would attempt to bait Brad into striking them in order to incite child abuse charges. Brad and Tammy reported being fearful for their safety, and D.R. and M.R. were described as threatening. Tammy feared for the safety of the other children living in the residence and requested that D.R. and M.R. be removed. D.R. was 17 years old and M.R. was 16 years old at the time of removal. S.R. was approximately 11 years old at this time. Sibling visitation had not occurred since the removal as a result of Brad and Tammy not feeling comfortable with D.R. and M.R. being around the other children. The record shows that some contact likely occurred between the three brothers at school.

The guardian ad litem recommended consideration of therapeutic visitation. The parents told a child and family services specialist they were not open to D.R. and M.R. having access to S.R., and would only allow visitation in a therapeutic setting with themselves present. However, the parents also provided a letter from S.R.'s therapists, which recommended sibling visitation supervised by a therapist at a neutral location to occur on a trial basis, excluding participation by the parents.

At the disposition hearing, the court ordered visitation between D.R., M.R., and S.R over the parents' objection. The court began by holding that "[s]ibling visitation for the juveniles and the siblings is approved, but I understand the [parents'] position with respect to all of the siblings." Next, the court specifically ordered that visitation between D.R., M.R., and S.R. was to occur as set forth in the letter from S.R.'s therapists. The court ordered this visitation on the assumption that it was acceptable to the parents since the letter was submitted by their attorney. The parents' attorney objected, expressing a belief that while the parents can voluntarily participate in such visitation, the court may not order it. The court overruled this objection on the basis of D.R. and

M.R.'s best interests. The court emphasized that if the parents did not want such an arrangement, a letter recommending it should not have been submitted on behalf of the parents. The parents' attorney insisted that while the parents may voluntarily facilitate visitation, an order requiring them to do so directly opposed Nebraska case law since S.R. is not under the court's jurisdiction. The court disagreed and maintained its order.

In its written order entered on April 13, 2016, the court provided that "[s]ibling visitation for both juveniles & their siblings is approved" as being within the children's best interests. The court further approved and ordered "[v]isitation for both juveniles & their brother (S.R.)" as recommended within the letter authored by S.R.'s therapists.

Brad and Tammy subsequently perfected this appeal.

ASSIGNMENTS OF ERROR

Brad and Tammy assign, restated, that the juvenile court lacked authority to order them to provide their children who are not under the court's jurisdiction, including S.R., for visitation with D.R. and M.R., who are under the court's jurisdiction and placed outside of their home.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Cassandra B. & Moira B.*, 290 Neb. 619, 861 N.W.2d 398 (2015).

ANALYSIS

In support of their assigned error, Brad and Tammy cite to the Nebraska Supreme Court's opinion in *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996). D.W. was adjudicated within the meaning of Neb. Rev. Stat. § 43-247(3)(b) and placed within the Department's custody. At a later dispositional hearing, D.W.'s guardian ad litem requested that the juvenile court grant supervised visitation between D.W. and his nonadjudicated sister. D.W.'s father objected to the proposed visitation, expressing that he and his wife did not believe it to be in their daughter's best interests at that time. The court subsequently ordered one hour of visitation each month between D.W. and his sister to be supervised by D.W.'s therapist. The court further ordered D.W.'s parents to make their daughter available for said visitation.

The Supreme Court in *In re Interest of D.W.* held that while the juvenile court had jurisdiction over D.W.'s parents and broad powers to fashion remedies in the best interests of D.W., over whom it had jurisdiction, the court lacked personal jurisdiction over the nonadjudicated sister. Therefore, the Court concluded that the juvenile court erred in ordering D.W.'s parents to comply with the visitation order and make their daughter available for visitation with D.W. The Court reversed the decision and remanded with direction to vacate the visitation order. *Id.* at 137-38.

We conclude that the *In re Interest of D.W.* case is controlling. It is clear from the record that the only children of Brad and Tammy under the jurisdiction of the court are D.R. and M.R., not S.R. or the other siblings. The court lacked authority to order visitation between D.R. and M.R. and the nonadjudicated children, including S.R.

We reverse the portions of the court's order granting visitation between D.R. and M.R. and their siblings and remand with direction to amend said order in accordance with this opinion.

## CONCLUSION

Upon our de novo review, we find that the juvenile court lacked jurisdiction to order visitation between D.R. and M.R. and their nonadjudicated siblings against the parents' wishes. The decision of the court is reversed, and the cause is remanded with direction to vacate the portions of the court's order granting visitation between D.R. and M.R. and their siblings, including S.R.

REVERSED AND REMANDED WITH DIRECTIONS.